cc: order, docket, remand letter to
Superior Court State of CA County of Ventura, 56-02011-00400162

**O**
**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7106 ODW (MANx) | Date | 11/2/2011 |
|---|---|---|---|
| Title | *Phillip Paul Naumoff v. Wells Fargo Bank, et al.* | | |

| Present: | The Honorable Otis D. Wright II, United States District Judge |
|---|---|

| Sheila English | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings (In Chambers):**   Order Granting Motion to Remand [14] and Finding Moot Motion to Dismiss [18].

  Alleging state law claims arising out of a real estate transaction, Plaintiff brought this action in state court against Wells Fargo Bank, N.A. and several other Defendants. Wells Fargo removed the action here based on diversity jurisdiction. Plaintiff now moves to remand, arguing, among other things, that although Wells Fargo's main office under its Articles of Association is in South Dakota, its principal place of business is in California, which defeats diversity. After considering the papers filed in support of and in opposition to this motion, the Court deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15.

  The parties' central disagreement is whether Wells Fargo's citizenship is limited to South Dakota. Courts are divided on the issue. Like other courts in this Circuit, this Court "agrees with Plaintiff[] that the approach of considering a national banking association to be a citizen of both the state in which it has designated its main office and the state where it has its principal place of business is not precluded by the holding in [*Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303 (2006)]." *Saberi v. Wells Fargo Home Mortg.*, 2011 WL 197860, *2 (S.D. Cal. 2011); *See also Mount v. Wells Fargo Bank, N.A.*, No. CV 08-6298 GAF (MANx), 2008 WL 5046286, at *1-2 (C.D. Cal. Nov.24, 2008).

  The Court acknowledges, but finds unpersuasive, other courts' interpretation of the

O
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7106 ODW (MANx) | Date | 11/2/2011 |
|---|---|---|---|
| Title | *Phillip Paul Naumoff v. Wells Fargo Bank, et al.* | | |

Supreme Court's holding in *Schmidt* to mean that a national banking association is a citizen *only* of the state of its main office, as designated in the Articles of Association. *See*, *e.g.*, *Nguyen v. Wells Fargo Bank, N.A.*, No. C 10-4081(EDL), 2010 WL 4348127, at *4-5 (N.D. Cal. Oct.27, 2010); *DeLeon v. Wells Fargo Bank, N.A.*, No. CV 10-1390(JF)(HRL), 2010 WL 2382404, at *2-4 (N.D. Cal. June 9, 2010); *Excelsior Funds, Inc. v. JP Morgan Chase Bank, N.A.*, 470 F. Supp. 2d 312, 314-22 (S.D. N.Y. 2006).

If anything, the doubt raised by this disagreement itself counsels in favor of remand. *See*, *e.g.*, *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992) (removal statute is strictly construed and "jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

This Court thus lacks subject matter jurisdiction and hereby orders this action **REMANDED**.[1] Wells Fargo's motion to dismiss is **MOOT**. [18]

**SO ORDERED**

|  | ---- | : | 00 |
|---|---|---|---|
|  | Initials of Preparer | SE | |

---

[1] It bears noting here that Defendants have also failed to meet their burden of demonstrating that First American Loanstar Trustee Services, LLC, a California citizen, is a fraudulently joined nominal Defendant. (*See* Opp'n at 10-12.)